NOT FOR PUBLICATION

FILED

NOV 13 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MINGDA WANG,<br><br>               Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>               Respondent. | No. 12-74116<br><br>Agency No. A099-730-555<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2015[**]
Pasadena, California

Before: FARRIS, TROTT, and BYBEE, Circuit Judges.

The facts and procedural posture of this case are known to the parties, and
we do not repeat them here. Petitioner Mingda Wang petitions for review of the
Board of Immigrations Appeals's ("BIA") final order of removal affirming the
immigration judge's denial of his request for asylum, withholding of removal, and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). Because Wang failed to raise any argument in his opening brief regarding either his withholding of removal claim or his CAT claim, these claims have been waived and we do not address them. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (failure to raise an issue in an opening brief constitutes waiver). Regarding his asylum claim, Wang argues that: (1) the BIA erred in concluding that he failed to show past persecution based on his status as a whistleblower; (2) under the totality of the circumstances, the treatment he experienced rose to the level of persecution; and (3) the BIA denied him due process by failing to consider his claim of future persecution. For the reasons below, we deny the petition.

We review legal questions de novo, and review the BIA's factual findings for substantial evidence. *Khudaverdyan v. Holder*, 778 F.3d 1101, 1105 (9th Cir. 2015). Considering the totality of the circumstances, substantial evidence supports the BIA's conclusion that Wang did not suffer past persecution. Wang was laid off from his job as a factory worker, along with 150 other factory workers, for legitimate economic reasons, and presented no evidence that his inability to find work after this was due to the weekly reporting requirement or any other government action. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1178 (9th Cir. 2004) ("[E]conomic disadvantage alone does not rise to the level of persecution.")

2

(finding no economic persecution where an affirmative action program in post-apartheid South Africa caused petitioners to lose their jobs and made it difficult to find other employment). Furthermore, even assuming Wang was acting as a whistleblower, the treatment he received in being struck once with a police baton, detained for seven days, and required to report weekly to the local police station did not rise to the level of persecution. *See, e.g.*, *Gu v. Gonzales*, 454 F.3d 1014, 1020 (9th Cir. 2006) (finding no persecution where petitioner was detained and beaten on one occasion, interrogated for two hours, did not require medical treatment, and did not suffer adverse employment consequences).

With respect to Wang's due process claim, Wang made no argument before the BIA regarding future persecution that was untethered to a finding of past persecution. The BIA dealt with Wang's claim that he suffered past persecution and was therefore entitled to a presumption of a well-founded fear of future persecution, when it found that Wang did not suffer past persecution. Wang did not argue that, in the absence of a past persecution finding, he would still be entitled to asylum. Accordingly, there was no due process violation, and we lack jurisdiction to review any independent claim of future persecution. *See* 8 U.S.C. § 1252(d)(1) (failure to exhaust administrative remedy precludes judicial review).

The petition for review is DENIED.